# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

In re:

ARM VENTURES, LLC,                                    Case No. 16-23633-LMI

                                                      Chapter 11

        Debtor.

_____/

## DEBTOR'S MOTION FOR SANCTIONS, DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES AGAINST OCEAN BANK FOR WILLFULLY VIOLATING THE AUTOMATIC STAY

Debtor-in-Possession, Arm Ventures, LLC (the "**Debtor**"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 105 and 362(k)(1), files this Motion for the Imposition of Sanctions and an Award of Damages, Punitive Damages, Attorneys' Fees and Costs Against Ocean Bank for willfully violating the automatic stay, as follows:

A.    **Relevant Background**

1.    On October 4, 2016 (the "**Petition Date**") Plaintiff filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.

2.    Plaintiff, is performing its duties under 11 U.S.C. § 1107 and operating its business pursuant to 11 U.S.C. § 1108.

3.    Pharmaquick, LLC ("**Pharmaquick**") is one of the Debtor's tenants as evidenced by the Debtor's prior filings in this case attached hereto as Composite Exhibit "A".

4.    On January 30, 2017, Ocean Bank served a Writ of Garnishment on Well Fargo Bank, N.A. in connection with the 2016 Judgment relating to the Guarantors' bank accounts at Wells Fargo, a copy of which is attached hereto as Exhibit "B".

5.    Pharmaquick is listed on the Writ of Garnishment.

6.      At the hearings before the Court on January 31, 2017, the Court found on several occasions that Ocean Bank willfully violated the automatic stay by garnishing Pharmaquick's account.

**A.      Relief Requested**

7.      Section 362(k)(1) of the Bankruptcy Code authorizes the award of actual and punitive damages for willful violations of the automatic stay. *Vaughn v. Cent. Miss. Credit Corp. (In re Vaughn)*, 542 B.R. 589, 598 (Bankr. M.D. Ala. 2015).

8.      Violations of the automatic stay are willful if the creditor (1) knew of the automatic stay and (2) intentionally committed the violative act, regardless of whether the violator specifically intended to violate the stay.  *Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996).

9.      This Court has already found Ocean Bank's garnishment of Pharmaquick's bank account to be a willful violation of the automatic stay.

10.     As a result of Ocean Bank's willful violations of the automatic stay, the Debtor has been damaged and it entitled to recover actual damages, including costs and attorneys' fees pursuant to 11 U.S.C. §§ 105 and/or 362(k)(1).  *See In re Petitusa*, LLC, Case No. 16-10305-BKC-LMI (Bankr. S.D. Fla. April 4, 2016) (Isicoff, J.) (awarding sanctions pursuant to 11 U.S.C. § 105 in favor of corporate chapter 11 debtor and against creditor found to have willfully violated the automatic stay), a copy of which is attached hereto as Exhibit "C".

11.     The egregious actions of Ocean Bank discussed herein also justifies an award punitive damages.

12.     Ocean Bank's willful violation of the automatic stay has caused the estate to incur unnecessary attorneys' fees and costs, that should be paid by Ocean Bank directly to undersigned.

**WHEREFORE**, the Debtor respectfully requests the entry of an order imposing sanctions against Ocean Bank for its willful violations of the automatic stay, awarding damages, punitive damages, attorneys' fees and costs in favor of the Debtor and providing for such other relief as the Court deems just and proper.

Dated:  February 1, 2017    Respectfully Submitted,

           **LAW OFFICE OF MARK S. ROHER, P.A.**
           *Counsel for Debtor*
           5701 N. Pine Island Rd., Suite 301
           Fort Lauderdale, Florida 33321
           Email:  mroher@markroherlaw.com
           Telephone:  (954) 353-2200
           Facsimile:  (954) 724-5047

           By: */s/ Mark S. Roher*
            Mark S. Roher
            Florida Bar No. 178098

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 1st day of February, 2017, a true and correct copy of the foregoing was served by CM/ECF on all parties listed below.

           /s/ *Mark S. Roher*
           Mark S. Roher


Ido J Alexander, Esq on behalf of Interested Party Michael Rosenbaum, et al.
ija@lsaslaw.com,  info@lsaslaw.com;aslawpllc@ecf.inforuptcy.com;jz@lsaslaw.com

Louis K. Nicholas II, Esq. on behalf of Creditor Ocean Bank
lnicholas@oceanbank.com,  mguerra@oceanbank.com

Louis K. Nicholas II, Esq. on behalf of Defendant Ocean Bank
lnicholas@oceanbank.com,  mguerra@oceanbank.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

James N Robinson on behalf of Creditor Ocean Bank
jrobinson@whitecase.com,  jjordan@whitecase.com;avenes@whitecase.com

James N Robinson on behalf of Defendant Ocean Bank
jrobinson@whitecase.com,  jjordan@whitecase.com;avenes@whitecase.com

Mark S. Roher, Esq. on behalf of Debtor Arm Ventures, LLC
mroher@markroherlaw.com,  ecf@markroherlaw.com,markroher@me.com,ecf2@markroherlaw.com

Mark S. Roher, Esq. on behalf of Plaintiff Arm Ventures, LLC
mroher@markroherlaw.com,  ecf@markroherlaw.com,markroher@me.com,ecf2@markroherlaw.com

Jeffrey P Shapiro on behalf of Witness Modern Pharmacy, LLC,
jps@shapiroramos.com,  mr@shapiroramos.com

Jeffrey P Shapiro on behalf of Witness Pharmaquick, LLC
jps@shapiroramos.com,  mr@shapiroramos.com

Jeffrey P Shapiro on behalf of Witness Rosenbaum International Law Firm, P.A.
jps@shapiroramos.com,  mr@shapiroramos.com

Jeffrey P Shapiro on behalf of Witness Abraham Rosenbaum
jps@shapiroramos.com,  mr@shapiroramos.com

Jeffrey P Shapiro on behalf of Witness Berta Rosenbaum
jps@shapiroramos.com,  mr@shapiroramos.com

Jeffrey P Shapiro on behalf of Witness Kimberly Novigrod
jps@shapiroramos.com,  mr@shapiroramos.com

Jeffrey P Shapiro on behalf of Witness Michael J. Rosenbaum
jps@shapiroramos.com,  mr@shapiroramos.com

Jeffrey P Shapiro on behalf of Witness Robert Novigrod
jps@shapiroramos.com,  mr@shapiroramos.com

# **EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

ARM VENTURES, LLC,                                    Case No. 16-23633-LMI

                                                      Chapter 11

         Debtor.

_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

In compliance with Local Rule 2081-1(B), the Debtor-in-Possession ARM VENTURES, LLC (the "Debtor"), files this Chapter 11 Case Management Summary and states:

The following data represents approximations for background information only and the information may represent the Debtor's best estimate in response to some of the ensuing questions.

1. Date of Order for Relief under chapter 11

   **October 4, 2016**

2. Names, case numbers and dates of filing of related debtors:

   **N/A**

3. Description of debtor's business:

   **Real estate and leasing**

4. Locations of debtor's operations and whether the business premises are leased or owned:

   **Debtor's operations are located at: 753-755 Arthur Godfrey Road, Miami Beach, FL 33140 (the "Premise").**

   **As further detailed below, the Premise is owned by the Debtor. In pertinent parts, the Premise is leased to:**

   a.    **Pharmaquick, LLC;**

   b.    **Rosenbaum International Law Firm, P.A.; and**

   c.    **Bonino Investment Group, LLC, et al., o/b/o Compensation Plan.**

**Fill in this information to identify the case:**

Debtor name __**Arm Ventures, LLC**__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF FLORIDA__

Case number (if known) __**16-23633-LMI**__

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases  12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1. State what the contract or lease is for and the nature of the debtor's interest **Pursuant to a triple net lease, Pharmaquick, LLC rents approximately half of the first floor of 753-755 Arthur Godfrey Road, Miami, FL 33140.** | |
| State the term remaining **5 years but either side can terminate on 90 days prior written notice** | |
| List the contract number of any government contract _____ | **Pharmaquick, LLC 753 Arthur Godfrey Rd. Miami Beach, FL 33140** |
| 2.2. State what the contract or lease is for and the nature of the debtor's interest **Tenant leases the other approximately half of the first floor of 753-755 Arthur Godfrey Rd., Miami, FL 33140.** | |
| State the term remaining **5 years but either party can terminate lease on 90 days prior written notice.** | |
| List the contract number of any government contract _____ | **Rosenbaum International Law Firm, P.A. 755 W 41st St. Miami Beach, FL 33140** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Wells Fargo                                                                                                                                                          1/2/17, 2:29 AM

# WELLS FARGO

## Check Details

| Item # | Bank | Account # | Check # | Amount |
|--------|------|-----------|---------|--------|
| 1 | WELLS FARGO BK NA | ...2208 | 6282 | $2,323.68 |





## *Note

The account number, signature, and endorsement are removed from the image(s) for security reasons.
To obtain a full copy of the image, please call us at 1-800-TO-WELLS (1-800-869-3557), 24 hours, 7 days a week.

⌂ Equal Housing Lender

# WELLS FARGO

## Check Details

| Item # | Bank | Account # | Check # | Amount |
|--------|------|-----------|---------|--------|
| 1 | WELLS FARGO BK NA | ...2208 | 6316 | $2,323.68 |





## *Note

The account number, signature, and endorsement are removed from the image(s) for security reasons.
To obtain a full copy of the image, please call us at 1-800-TO-WELLS (1-800-869-3557), 24 hours, 7 days a week.

🏠 Equal Housing Lender

# WELLS FARGO

## Check Details

| | |
|---|---|
| **Check Number** | 6321 |
| **Date Posted** | 11/22/16 |
| **Check Amount** | $296.45 |





## *Note

The account number, signature, and endorsement are removed from the image(s) for security reasons.
To obtain a full copy of the image, please call us at 1-800-TO-WELLS (1-800-869-3557), 24 hours, 7 days a week.

🏠 Equal Housing Lender

# **EXHIBIT "B"**

ARM VENTURES, LLC, a Florida Limited Liability Company, et al.,

Plaintiff,

v.

OCEAN BANK, a Florida Banking Institution, et al.,

Defendants.

_____/

OCEAN BANK, a Florida Banking Institution,

Plaintiff,

v.

ARM VENTURES, LLC, a Florida Limited Liability Company, et al.,

Defendants.

and

WELLS FARGO BANK, N.A.,

Garnishee.

_____/

OCEAN BANK, a Florida Banking Institution,

Plaintiff,

v.

MODERN PHARMACY, LLC, a Florida Limited Liability Company, et al.,

Defendants.

_____/

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASES CONSOLIDATED PURSUANT TO COURT ORDER

CASE NO. 10-23836 (CA 02)

CASE NO. 11-16966 (CA 02)

CASE NO. 11-16969 (CA 02)

**NOTICE TO DEFENDANT(S) [PLAINTIFFS / COUNTERDEFENDANTS]**

The Defendant / Counterplaintiff, OCEAN BANK, by and through its undersigned counsel, pursuant to § 77.041, *Fla*. *Stat*. (2017), and applicable Florida law, hereby gives notice to the Plaintiffs / Counterdefendants, MICHAEL ROSENBAUM, MODERN PHARMACY, LLC, PHARMAQUICK, LLC, ROBERT NOVIGROD, BERTA ROSENBAUM, KIMBERLY NOVIGROD, and ABRAHAM ROSENBAUM, of the service of a Writ of Garnishment on the Garnishee, WELLS FARGO BANK, N.A..

Copies of the Writ of Garnishment, the Motion for a Writ of Garnishment, and the Notice to Defendant(s) are attached hereto.

<table>
<tr>
<td>

Louis K. Nicholas II, Esq.<br>
Florida Bar No. 441872<br>
Co-counsel for the Defendant /<br>
Counterplaintiff, Ocean Bank<br>
Ocean Bank Legal Department<br>
780 N.W. 42nd Avenue, Suite 500<br>
Miami, Florida,  33126-5540<br>
PH: (305) 569-5172<br>
FAX: (305) 569-5615<br>
E MAIL: lnicholas@oceanbank.com<br>
SECOND E MAIL:<br>
legalservice@oceanbank.com<br>
THIRD E MAIL: mguerra@oceanbank.com

</td>
<td>

James N. Robinson, Esq.<br>
Florida Bar No. 608858<br>
Co-counsel for the Defendant /<br>
Counterplaintiff, Ocean Bank<br>
White & Case LLP<br>
200 S. Biscayne Blvd, Suite 4900<br>
Miami, Florida 33131<br>
PH: (305) 371-2700<br>
FAX: (305) 358-5744<br>
E MAIL: jrobinson@whitecase.com

</td>
</tr>
</table>

By: _____

Louis K. Nicholas II, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof has been furnished to the parties of records, at the addresses listed below, vie e portal (to the attorneys of record and to parties who have designated an e mail address) and by U.S. mail (to the remaining parties) this 30th day of January, 2017:

[Via e-mail: jrobinson@whitecase.com; jjordan@whitecase.com]:  James N. Robinson, Esq., Co-Counsel for the Defendant / Counterplaintiff, Ocean Bank, White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, Florida, 33131.

[Via e-mail: linda.cook@sba.gov]:  Linda Cook, Esq., U.S. Small Business Administration, 100 South Biscayne Blvd., Ste. 1005, Miami, Florida, 33131.

[Via email: Mr@Mrtaxlawyer.com & MRosen0571@aol.com]: Michael J. Rosenbaum, Esq., Co-counsel for the Plaintiffs / Counterdefendants and non-parties, Rosenbaum International Law Firm, P.A., 755 Arthur Godfrey Road, Miami Beach, Florida, 33140.

[Via e mail: michael@cotzenlaw.com & pleadings@cotzenlaw.com]:  Michael L. Cotzen, Esq., Co-counsel for the Plaintiffs / Counterdefendants and non-parties, Cotzen Law, P.A., 20700 West Dixie Highway, Aventura, Florida, 33180.

[Via e mail: jps@shapiroramos.com; mr@shapiroramos.com]:  Jeffrey P. Shapiro, Esq., Co-counsel for the Plaintiffs / Counterdefendants, Shapiro Ramos, P.A., 19 West Flagler Street, Ste. 516, Miami, Florida, 33130.

[Via e mail: annaval@lawyer.com]: Anna Val, Esq., Potential Co-Counsel for the Plaintiffs / Counterdefendants and non-parties, The Val Firm PC, 65 Broadway, Suite 750, New York, NY 10006.

Wells Fargo Bank, N.A., c/o Corporation Service Company, attn: Kara Stover, Customer Service Specialist, 1201 Hays Street, Tallahassee, Florida, 32301.

Louis K. Nicholas II, Esq.
Florida Bar No. 441872
Co-counsel for the Defendant /
Counterplaintiff, Ocean Bank
Ocean Bank Legal Department
780 N.W. 42nd Avenue, Suite 500
Miami, Florida,   33126-5540
PH: (305) 569-5172
FAX: (305) 569-5615
E MAIL: lnicholas@oceanbank.com
SECOND E MAIL:
legalservice@oceanbank.com
THIRD E MAIL: mguerra@oceanbank.com

James N. Robinson, Esq.
Florida Bar No. 608858
Co-counsel for the Defendant /
Counterplaintiff, Ocean Bank
White & Case LLP
200 S. Biscayne Blvd, Suite 4900
Miami, Florida 33131
PH: (305) 371-2700
FAX: (305) 358-5744
E MAIL: jrobinson@whitecase.com

By:    _____
       Louis K. Nicholas II, Esq.

4

ARM VENTURES, LLC, a Florida Limited
Liability Company, et al.,

Plaintiff,

v.

OCEAN BANK, a Florida Banking
Institution, et al.,

Defendants.
_____/

OCEAN BANK, a Florida Banking
Institution,

Plaintiff,

v.

ARM VENTURES, LLC, a Florida Limited
Liability Company, et al.,

Defendants.

and

WELLS FARGO BANK, N.A.,

Garnishee.
_____/

OCEAN BANK, a Florida Banking
Institution,

Plaintiff,

v.

MODERN PHARMACY, LLC, a Florida
Limited Liability Company, et al.,

Defendants.
_____/

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

FLORIDA BAR NO. 441872

CASES CONSOLIDATED PURSUANT
TO COURT ORDER

CASE NO. 10-23836 (CA 02)

CASE NO. 11-16966 (CA 02)

CASE NO. 11-16969 (CA 02)

## OCEAN BANK'S MOTION FOR WRIT OF GARNISHMENT AFTER JUDGMENT AGAINST GARNISHEE, WELLS FARGO BANK, N.A.

The Plaintiff, OCEAN BANK, by and through its undersigned counsel, pursuant to §77.03, *Fla. Stat.* (2016), and applicable Florida law, moves for the issuance of a Writ of Garnishment in this case against the Garnishee, WELLS FARGO BANK, N.A.

AS GROUNDS, OCEAN BANK asserts the following:

1. The amount of the judgment entered on November 7, 2016, against the Counterdefendants, MICHAEL ROSENBAUM, MODERN PHARMACY, LLC, PHARMAQUICK, LLC, ROBERT NOVIGROD, BERTA ROSENBAUM, KIMBERLY NOVIGROD and ABRAHAM ROSENBAUM, jointly and severally, is $140,284.50, plus interest at the rate of 4.91% per annum until fully paid, and the debt remains unpaid.

2. OCEAN BANK does not believe that the Defendants, MICHAEL ROSENBAUM, MODERN PHARMACY, LLC, PHARMAQUICK, LLC, ROBERT NOVIGROD, BERTA ROSENBAUM, KIMBERLY NOVIGROD, and/or ABRAHAM ROSENBAUM, have in their possession visible property on which a levy can be made sufficient to satisfy the judgment.

3. OCEAN BANK suggests that WELLS FARGO BANK, N.A. is indebted to the Defendants, MICHAEL ROSENBAUM, MODERN PHARMACY, LLC, PHARMAQUICK, LLC, ROBERT NOVIGROD, BERTA ROSENBAUM, KIMBERLY NOVIGROD, and/or ABRAHAM ROSENBAUM, or has tangible or intangible personal property of the Defendants, MICHAEL ROSENBAUM, MODERN PHARMACY, LLC, PHARMAQUICK, LLC, ROBERT NOVIGROD, BERTA ROSENBAUM, KIMBERLY NOVIGROD, and/or ABRAHAM ROSENBAUM, in its hands, possession, or control.

2

WHEREFORE, OCEAN BANK moves for the issuance of a Writ of Garnishment against

the Garnishee, WELLS FARGO BANK, N.A., in this cause.

Louis K. Nicholas II, Esq.
Florida Bar No. 441872
Co-counsel for the Defendant /
Counterplaintiff, Ocean Bank
Ocean Bank Legal Department
780 N.W. 42nd Avenue, Suite 500
Miami, Florida,  33126-5540
PH: (305) 569-5172
FAX: (305) 569-5615
E MAIL: lnicholas@oceanbank.com
SECOND E MAIL:
legalservice@oceanbank.com
THIRD E MAIL: mguerra@oceanbank.com

James N. Robinson, Esq.
Florida Bar No. 608858
Co-counsel for the Defendant /
Counterplaintiff, Ocean Bank
White & Case LLP
200 S. Biscayne Blvd, Suite 4900
Miami, Florida 33131
PH: (305) 371-2700
FAX: (305) 358-5744
E MAIL: jrobinson@whitecase.com

By:  _____
       Louis K. Nicholas II, Esq.

3

ARM VENTURES, LLC, a Florida Limited
Liability Company, et al.,

Plaintiff,

v.,

OCEAN BANK, a Florida Banking
Institution, et al.,

Defendants.

_____/

OCEAN BANK, a Florida Banking
Institution,

Plaintiff,

v.

ARM VENTURES, LLC, a Florida Limited
Liability Company, et al.,

Defendants.

and

WELLS FARGO BANK, N.A.,

Garnishee.

_____/

OCEAN BANK, a Florida Banking
Institution,

Plaintiff,

v.

MODERN PHARMACY, LLC, a Florida
Limited Liability Company, et al.,

Defendants.

_____/

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASES CONSOLIDATED PURSUANT
TO COURT ORDER

CASE NO. 10-23836 (CA 02)



CASE NO. 11-16966 (CA 02)

CASE NO. 11-16969 (CA 02)




916309

Scanned by CamScanner

Case Nos. 10-23836 (CA 02), 11-16966 (CA 02) and 11-16969 (CA 02) |Consolidated|

## WRIT OF GARNISHMENT AFTER JUDGMENT

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE

YOU ARE COMMANDED to summon the garnishee, WELLS FARGO BANK, N.A., by serving its Registered Agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida, 32301-2525, to serve an answer to this writ on Louis K. Nicholas II, Esq., Defendant's/Counterplaintiff's attorney, whose address is 780 N.W. 42nd Avenue, Suite 500, Miami, Florida, 33126-5540, PH: (305) 569-5215, FAX: (305) 569-5615, E MAILS: lnicholas@oceanbank.com; legalservice@oceanbank.com; malopez@oceanbank.com, within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to Plaintiffs/Counterdefendants, MICHAEL ROSENBAUM, MODERN PHARMACY, LLC, PHARMAQUICK, LLC, ROBERT NOVIGROD, BERTA ROSENBAUM, KIMBERLY NOVIGROD, and/or ABRAHAM ROSENBAUM, at the time of the answer or was indebted at the time of service of the writ, plus sufficient time not to exceed one (1) business day for said garnishee to act expeditiously on the writ, or at any time between such times, and in what sum and what tangible and intangible personal property of the Plaintiffs/Counterdefendants the garnishee is in possession or control of at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the Plaintiff/Counterdefendants or who may be in possession or control of any of the property of the Plaintiffs/Counterdefendants. The amount set in Defendant's/Counterplaintiff's motion is $140,284.50.

WITNESS my hand and the seal of this Court on _____ **JAN 2 7 2017**

HARVEY RUVIN
As Clerk of the Court

By: _____
As Deputy Clerk
VALERA BORGES

Upon issuance of this Writ of Garnishment, Ocean Bank shall pay $100.00 to the garnishee on the garnishee's demand at any time after the service of the writ for payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ.

Chapter 77.06 Florida: "Service of the writ shall make garnishee liable for all debts due by him to defendants, and for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ or at any time between the service and the time of his answer."

2

Scanned by CamScanner

**NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY, AND OTHER PROPERTY**

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you.

HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY.

READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.
TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff must file any objection within 2 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 7 days if you mailed a copy of the form for claim and request to the plaintiff. If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:

_____ 1.     Head of family wages. (You must check a. or b. below.)
            _____a.     I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.
            _____b.     I provide more than one-half of the support for a child or other dependent, have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.
_____ 2.     Social Security benefits.
_____ 3.     Supplemental Security Income benefits.
_____ 4.     Public assistance (welfare).
_____ 5.     Workers' Compensation.
_____ 6.     Unemployment Compensation.
_____ 7.     Veterans' benefits.
_____ 8.     Retirement or profit-sharing benefits or pension money.
_____ 9.     Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
_____ 10.    Disability income benefits.
_____ 11.    Prepaid College Trust Fund or Medical Savings Account.
_____ 12.    Other exemptions as provided by law.
            _____ (explain)

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: _____
Telephone number:_____

The statements made in this request are true to the best of my knowledge and belief.

_____
Defendant's signature
Date _____

STATE OF FLORIDA
COUNTY OF _____

Sworn and subscribed to before me this _____ day of _____ (month and year),
by _____ (name of person making statement).

_____
Notary Public/Deputy Clerk
Personally Known _____ OR Produced Identification _____
Type of Identification Produced _____

# EXHIBIT "C"

**In re: PETITUSA, LLC, Chapter 11, Debtor.**

<u>Case No. 16-10305-BKC-LMI.</u>

**United States Bankruptcy Court, S.D. Florida, Miami Division.**

April 5, 2016.

Office of the US Trustee, U.S. Trustee, represented by Steven D. Schneiderman, Office of the US Trustee.

# ORDER ON DEBTOR'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY

LAUREL M. **ISICOFF**, Bankruptcy Judge.

This cause came before me on February 9, 2016 at 8:30 a.m. on the Emergency Motion to Enforce Automatic **Stay** and Motion for **Violation** of the Automatic **Stay** (the "Motion") filed by PetitUSA, LLC (the "Debtor") (ECF #3). The Debtor alleged in the Motion that its landlord, Purdy Partners 1929, LLC (the "Landlord") violated the automatic **stay** by failing to instruct the Miami Dade County Sheriff (the "Sheriff") to cease execution of a writ of possession after the Debtor filed its bankruptcy petition (the "Petition") at 2:59 p.m. on January 8, 2016. After a preliminary hearing on January 11, 2016, the Debtor's possession was restored temporarily[1] and I set for evidentiary hearing, briefing and legal argument the issue of whether the writ of possession was executed before the Petition was filed, whether the Debtor was legally removed from possession of the Premises pursuant to Florida law when the execution process began, and whether the Lease between the Debtor and Landlord more fully described below was terminated when the state court judge signed the writ of possession.[2] After examining the pleadings, hearing testimony of witnesses, reviewing the evidence, and applicable Florida and bankruptcy law and for the reasons stated on the record,[3] as more fully detailed below, I found that, although the execution process began one or two minutes before the Debtor filed the Petition, the Landlord's refusal to terminate the execution process, which was not completed until approximately 3:40 p.m., was a **violation** of the automatic **stay**. Moreover, I ruled that, because the Lease had not been terminated, and the Debtor still had a possessory interest at the time the Petition was filed, the Debtor's right to assume or reject the Lease was not lost.[4]

# Findings of Fact

In accordance with the Stipulation as to Undisputed Facts submitted by the parties[5] as well as the testimony and evidence submitted at the evidentiary hearing held on February 9, 2016, I make the following findings of fact. The Landlord is the owner of that certain real property located at 1929 Purdy Avenue, Miami Beach, Miami-Dade County, Florida 33139 (the "Premises"). On or about August 1, 2012, the Landlord and the Debtor entered into a Commercial Lease Agreement, whereby the Landlord leased the Premises to the Debtor for the term therein stated (the "Lease"). On November 17, 2015, in the state court, the Landlord filed a Complaint for Eviction and **Damages** (the "Eviction Action"). On January 8, 2016 at 12:04 pm, the state court entered a Final Judgment for Possession, which stated Landlord "shall recover from [Debtor] possession of [the Premises]." Also on January 8, 2016, after the Final Judgment for Possession, the Deputy Clerk of the state court issued a Writ of Possession commanding the Sheriff of Miami-Dade County to "remove all persons from [the Premises] and to put [Landlord] in possession of it."

At approximately 2:30 p.m. on January 8, 2016, Miami-Dade Police Officer Javier Soto ("Officer Soto") arrived at the Premises to execute the Writ of Possession. Shortly thereafter, Sergeant Tony Johns and Officer Frank Gonzalez arrived. At 2:55 p.m., Officer Soto received a call from his office, but he missed the call. At 2:57 p.m. while standing outside the Premises, Officer Soto placed a call to his office, and he was advised to proceed with execution of the Writ of Possession.

Having considered the testimony of Officer Soto and the Debtor's representative, Giuseppe Bottiglieri, together with the documents admitted as evidence (including Officer Soto's cell phone logs for the date and times in question), I found that the Sheriff's deputies entered the Premises before 2:59 p.m.

At 2:59 p.m. on January 8, 2016, the Debtor filed the Petition. Sometime after 3:30 p.m. on January 8, 2016, the keys were turned over to the Landlord, the Debtor's representatives left the Premises, and the locks to the Premises were changed.

Between 2:59 p.m. and when the locks were changed, the Debtor's counsel, in phone calls to the Landlord's counsel and Officer Soto, repeatedly advised them that the Debtor had filed bankruptcy, and that the continuation of the eviction was a **violation** of the automatic **stay**. The Landlord refused to stop the eviction and refused to ask Officer Soto to stop the eviction.

## Conclusions of Law

The first issue is whether the Landlord violated the automatic **stay**. The second issue is whether loss of possession cut off the Debtor's right to assume the Lease under 11 U.S.C. § 365(a).

The Landlord argues that it did not violate the automatic **stay** because as soon as the Sheriff entered the Premises, the writ of execution had been served and the Debtor's possessory rights terminated. Everything that followed (which was everything other than the Sheriff entering the premises) occurred post-petition. However, the Landlord argues this continued action was not a **violation** of the **stay** because, the Landlord submits, when the Petition was filed, the Premises were no longer property of the Debtor or the Debtor's estate.

There is no Florida law that sets forth when execution of a writ of possession is complete — that is, does the first appearance by the sheriff at the door with the writ constitute the official loss of the right of possession, or is possession officially lost only when dispossession is complete? Whatever the answer to that question (which I will address next) the Landlord violated the automatic **stay** by continuing the act of dispossession after the Petition was filed.

11 U.S.C. § 362(a) describes as a **violation** of the automatic **stay** "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . .". Consequently, everything that took place after 2:59 p.m. violated the automatic **stay**. When the Petition was filed, the Debtor was still in physical possession of the Premises, and the Sheriff and the Landlord should have stopped immediately and come to this Court seeking relief from the automatic **stay** to finish the process. I recognize the Landlord's argument that if the execution and the loss of the legal right of possession occurred before 2:59 p.m., the Landlord did not want to concede possession by stopping the eviction process. However, most violations of the automatic **stay** occur where a creditor, with or without knowledge of a bankruptcy, wants to protect its position vis-a-vis the debtor and other creditors. Thus, the Landlord's motives are not only irrelevant, but underscore why the actions constituted a **stay violation**.

The second issue, whether the Debtor still had, at the time of the Petition, the right to assume or reject the Lease pursuant to section 365(a) does require me to answer the question I posed above — at what point during execution of the writ of possession is the right of possession legally terminated, and what relevance, if any does that have to the Debtor's rights under 11 U.S.C. § 365.[6]

If the loss of the right of possession does not terminate a debtor's right to assume a lease, then the timing does not have legal significance. In *In re 2408 W. Kennedy, LLC*, 512 B.R. 708, 713 (Bankr. M.D. Fla. 2014), Judge Williamson held that with respect to commercial leases, "[e]ntry of a judgment for possession or issuance of a writ of possession—without more—does not terminate a lease or otherwise preclude a debtor from assuming the lease under § 365." However Judge Williamson never defined what "more" means.

The Landlord argues that "more" under *In re 2408 W. Kennedy, LLC* is the moment the Sheriff arrived at the Premises with the writ of execution, because once the legal right to possession was lost, the Lease was effectively terminated and with it, the Debtor's right to assume or reject the Lease. However, I disagree; first, I find that the legal right of possession is not lost when the sheriff first shows up with a writ of execution and second, that loss of physical possession is not the same as termination of the lease.[7] Because possession and termination do not mean the same thing, I find, having reviewed both applicable bankruptcy and Florida case law, that what "more" requires is that the landlord has terminated the lease, and it is only after termination occurs, subject only to Florida's anti-forfeiture provisions discussed below, that a debtor's right of possession has been completely foreclosed.

A debtor's loss of possession is not complete until the debtor has been physically dispossessed. Execution of a writ of possession in Florida is a process, and the process is not complete until the tenant is physically dispossessed of the property and possession is turned over to the landlord. Indeed, the Writ of Possession confirms that the execution of the writ is a process. The Writ of Possession commands the Sheriff to "remove all persons from the real property . . . and to put [Landlord] in possession of it." Thus, even if the execution did begin at 2:57 p.m. and 59 seconds or 2:58 p.m. and three seconds, the execution was not complete until well after 2:59 p.m. when the Debtor's representatives left the building, as stipulated by both parties. I do not need to find whether the actual physical changing of the locks was necessary in order for execution of the writ to be complete, but at least the tenants

and their personal property leaving the building had to have occurred for the execution to have been complete, and possession turned over to the Landlord. That did not occur before the Petition was filed.

This is consistent with Florida law. In Florida, the equitable remedy of anti-forfeiture is available if the circumstances otherwise warrant, irrespective of whether the tenant has lost physical possession. *Nevins Drug Co. v. Bunch*, 63 So. 2d 329 (Fla. 1953); *Rader v. Prather*, 130 So. 15 (Fla.1930).

> A court of equity has inherent power to relieve a tenant from forfeiture of his estate because of a failure to pay rent at the time required by the terms of his lease.
>
> . . .
>
> `Where a lease contains a condition that the lessor may re-enter and put an end to the lessee's estate, or even that the lease shall be void, upon the lessee's failure to pay the rent at the time specified, it is well settled that a court of equity will relieve the lessee and set aside a forfeiture incurred by his breach of the condition, whether the lessor has or has not entered and disposed the tenant.'

*Rader v. Prather*, 130 So. at 16-17 (citations omitted). Thus, under Florida law, loss of possession does not necessarily terminate a tenant's leasehold interest and even termination, if due solely to the non-payment of rent, can be reversed.

Consequently, to the extent that my findings are in any way legally incorrect, I nonetheless exercise my equitable powers pursuant to 11 U.S.C. § 105, and as authorized under the common law of the State of Florida, to void any potential forfeiture of the Debtor's leasehold interest by virtue of the Debtor's loss of its possessory interest. I find that to forfeit this Debtor's rights in the Premises because of a monetary default which has now been cured[8] is not equitable, even if the Debtor was truly dispossessed prior to the filing of the Petition. Although the Landlord has alleged that there are non-monetary breaches of the Lease, there is also no dispute that the judgment of possession was entered solely on the basis of non-payment of rent, thus, it is clear that the forfeiture of the Debtor's leasehold is based solely upon the Debtor's monetary default, not the alleged non-monetary defaults. Consequently, based upon the applicable case law, and the fact that the Debtor has now cured all monetary defaults and the Landlord has been made whole with respect to the Debtor's monetary defaults, I find that equity does not warrant the forfeiture of the Debtor's leasehold interest in the Premises.

The Landlord confuses the concept of possession by trying to conflate the legal loss of the right to possession with the physical loss of the right of possession, and they are not the same thing. The Landlord has already conceded that the Lease was not terminated pre-petition, and because physical dispossession did not take place prior to the filing of the Petition the Lease is an unexpired Lease that is subject to assumption or rejection. However, this Court emphasizes the word "subject". This does not mean that this Court will ultimately find, should the Debtor seek to assume the Lease, that, in fact, the Debtor may assume the Lease. The Landlord has alleged in its complaint and has argued before this Court, at least generally, that there are non-monetary breaches of the Lease. When and under what circumstances a debtor can cure a non-monetary breach of a lease for purposes of assumption is an issue of law that has not yet been presented to me by either party and thus must be decided if and when the Debtor elects to assume the Lease.[9]

# The Request for Sanctions

In the Motion the Debtor requested I find the Landlord in civil contempt for its willful **violation** of the automatic **stay** and sought the award of "sanctions in the form of actual **damages** incurred by the Debtor due to Landlord's will [*sic*] **stay violation**, including but not limited to those **damages** arising from loss in revenues, inventory, and all other monetary bases stemming from the forced closure of the Debtor's business" as well as **punitive damages**. By virtue of the Agreed Order[10], the parties stipulated that, should I find willful **violation** of the automatic **stay** "[t]he Landlord shall not be liable for any **damages** to the Debtor as a result of any such **violation** of the automatic **stay**, other than lost profits from the petition date through January 12, 2016."

There is no question that the Landlord willfully violated the **stay**. Willful **violation** is defined as (a) knowledge that "the automatic **stay** was invoked" and (b) an intentional act that violated the automatic **stay**, *Jove Engineering, Inc. v. I.R.S*, 92 F.3d 1539, 1555 (11th Cir. 1996), and there is no question that the Landlord proceeded notwithstanding its express knowledge of the filing of the Petition. The Landlord argues it is not liable for **damages** because 11 U.S.C. § 362(k) specifies that only an individual debtor may seek **damages** for a willful **violation** of the automatic **stay**. However, I may nonetheless impose sanctions upon the Landlord for its

**stay violation** through 11 U.S.C. § 105. *Jove Engineering, Inc.*, 92 F.3d at 1539. Thus, should I decide to award **damages** to the Debtor, subject to the agreed upon limitations, I will do so pursuant to section 105.

THEREFORE, IT IS ORDERED AND ADJUDGED:

1. The Debtor's Emergency Motion to Enforce Automatic **Stay** and Motion for **Violation** of the Automatic **Stay** is GRANTED.

2. The Lease between the Debtor and the Landlord did not expire pre-petition, and thus the parties retain all rights thereunder in accordance with applicable law, subject to the Debtor's motion to reject and its voluntary surrender of the Premises.

3. The amount of sanctions to be imposed upon the Landlord, for Landlord's **violation** of the automatic **stay**, shall be determined by this Court at a subsequent evidentiary hearing to be coordinated and scheduled by the parties.

[1] Agreed Order on Debtor's Emergency Motion to Enforce Automatic **Stay** (ECF #8) dated January 13, 2016.

[2] Prior to the evidentiary hearing the Landlord acknowledged the Lease was not terminated, but argued that the Debtor's loss of possession terminated the Debtor's right to assume the Lease under 11 U.S.C. § 365(a).

[3] I read a detailed oral ruling into the record on February 9, 2016, but asked the parties to submit a detailed written order based on that ruling rather than a simple order referring to "the reasons stated on the record". The form of the written order was agreed to by the parties and provided a starting point for this written order.

[4] Ironically, the Debtor has now filed a Motion to Reject the Lease (ECF #62) and has voluntarily turned over the Premises to the landlord.

[5] *See* Stipulation As To Undisputed Facts, Disputed Facts, And Issues of Law for Upcoming Evidentiary Hearing (ECF #36).

[6] Because the Lease was not terminated at the time the Petition was filed I need not address whether and to what extent termination of a lease terminates a Debtor's right to assume or reject under 11 U.S.C. § 365.

[7] In a residential case, once the landlord has possession, the lease is usually terminated. However, this is not an issue I need to address for purposes of resolving the Motion.

[8] According to the Landlord's eviction complaint there was only approximately $15,000.00 in past due rent owing at the time the complaint was filed.

[9] As I already noted, the Debtor has now filed a motion to reject the Lease.

[10] *See* n. 1 *supra.*

Save trees - read court opinions online on Google Scholar.